UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WAMALWA KIBUNGUCHY, Booking #18104725, Plaintiff, vs. POLLY H. SHAMOON, Judge, Defendant. | Case No.: 3:18-cv-00493-WQH-WVG **ORDER** |

HAYES, Judge:

Christopher Kibunguchy ("Plaintiff"), currently detained at San Diego Central Jail ("SDCJ"), and proceeding pro se, has filed a form "Complaint of Judicial Conduct or Disability" (ECF No. 1) (the "Complaint"). The Complaint appears to challenge San Diego Superior Court Judge Polly H. Shamoon's decision to "describe [Plaintiff] as being a danger to the community" upon the "request [of] the DA." *See id.* at 1–2.

## I. Failure to Pay Filing Fee or Request *IFP* Status

All parties instituting any civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The $50 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1

the full filing fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff has not prepaid the $400 in fees required to commence a civil action, and he has not filed a Motion to Proceed *IFP*. *See* 28 U.S.C. § 1915(a) & (b). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Initial Review of Plaintiff's Complaint

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff has filed a form Complaint of Judicial Misconduct or Disability against Judge Shamoon based on what appears to be a decision or ruling she made related to either his criminal case or the conditions of his detention pending trial. (ECF No. 1). However, a complaint of judicial misconduct is not the proper vehicle for challenging a judge's rulings. *See In re Complaint of Judicial Misconduct*, 550 F.3d 769 (9th Cir. 2008). Plaintiff's Complaint also fails to allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 12132. Therefore, Plaintiff's Complaint must be dismissed because it fails to allege federal jurisdiction.

Because the allegations attached to the Complaint suggest Plaintiff may wish to proceed with a civil rights action pursuant to 42 U.S.C. § 1983, the Court will grant him an opportunity to amend. Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. Plaintiff is cautioned that any Amended Complaint will be subject to an initial sua sponte screening and that it will be dismissed unless it contains factual matter sufficient to plausibly show that: (1) a right secured by the Constitution or laws of the

United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff must plead that each government-official defendant "through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Finally, because Plaintiff's initial pleading suggests he may wish to name Judge Shamoon as a Defendant, he is hereby cautioned that a judge is absolutely immune for any acts alleged to have been taken in her judicial capacity. *See Meek v. Cty. of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999) ("It is well settled that judges are generally immune from civil liability under section 1983.") (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).

### III. Conclusion and Order

The Court DISMISSES this action without prejudice. Plaintiff may re-open this case if, within forty-five days of this Order, he files an Amended Complaint that conforms with Rule 8 and either (1) prepays the civil filing fee or (2) files a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint, *see* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

The Court DIRECTS the Clerk of Court to provide Plaintiff with this Court's form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*" and its form "Complaint under the Civil Rights Act pursuant to 42 U.S.C. § 1983." If Plaintiff chooses to proceed with a civil rights action, he must title his new pleading as his "Amended Complaint," include Civil Case No. 18-cv-00493-WQH-WVG in its caption, and otherwise comply with Fed. R. Civ. P. 10(a) by naming each individual party he wishes to sue.

**IT IS SO ORDERED**.

Dated: April 10, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court